UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARONE D. PRICE, | ) |
| Petitioner, | ) Case No. 12-CV-7269 |
| v. | ) Judge John W. Darrah |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## **MEMORANDUM OPINION AND ORDER**

Petitioner Larone D. Price, proceeding *pro se*, filed a motion for *habeas corpus* relief pursuant to 28 U.S.C. § 2255. The Government submitted a response, opposing the motion, and Petitioner filed an untimely reply.[1] For the reasons provided below, Petitioner's Motion is denied.

### BACKGROUND

On March 5, 2009, Petitioner was charged by indictment with conspiring and knowingly and intentionally attempting to possess, with intent to distribute, 5 kilograms or more of cocaine, in violation of 21 U.S.C. § 846. Petitioner was initially represented by attorney Richard Beuke. Petitioner entered a plea of guilty as to Count I of the indictment on September 16, 2009, of conspiring to possess with intent to distribute, and there was no plea agreement. *United States v. Price*, Case No. 08-cr-00996-1, Dkt. No. 64. On March 16, 2010, Beuke withdrew his representation of Defendant, and attorney Linda Amdur was appointed to represent Petitioner. *Id.*, Dkt. No. 86. Petitioner was sentenced to 135 months' imprisonment on August 31, 2010.

---

[1] Petitioner's Reply was due on or before April 24, 2013, but Petitioner did not file a Reply until April 29, 2013. (Dkt. Nos. 16-17.)

*Id.* Dkt. No. 111. Petitioner appealed his sentence, and the Seventh Circuit dismissed his appeal. *See United States v. Price*, 423 Fed. App'x 644 (7th Cir. 2011).

Petitioner filed his Section 2255 motion on September 11, 2012, contending he had ineffective assistance of counsel at his sentencing; Petitioner asserts his claim on the basis of his "counsel(s)' failure to advocate throughout the sentencing proceedings; and, counsel(s)' unfamiliarity with the procedural process." (Pet'r's Mem. at 2.)

The Government opposes Petitioner's Section 2255 motion and argues Petitioner is unable to demonstrate he had ineffective counsel.

## LEGAL STANDARD

Petitioners seek relief from their respective sentences under Section 2255, arguing they were denied the constitutional right to effective assistance of counsel under the Sixth Amendment. Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. The relief described here is available only if there was "an error of law that is jurisdictional, constitutional, or constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Bischel v. United States*, 32 F.3d 259, 263 (7th Cir. 1994) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1992)). The district court must review the record and draw all reasonable inferences in favor of the government. *See Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992). As Petitioner filed his petition *pro se*, it is entitled to a liberal reading. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Claims of ineffective assistance of counsel are reviewed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this test, a petitioner must show both: (1) that counsel's performance fell below an objective standard of reasonableness under the circumstances and (2) that the deficient performance prejudiced the defendant. *Id.* at 688-94. To establish prejudice, the petitioner must prove there is a reasonable probability the proceeding would have had a different result but for the errors of counsel. *Id.* at 694. If a petitioner fails to make a proper showing under one of the *Strickland* prongs, the Court need not consider the other. *See Strickland*, 466 U.S. at 697 ("In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant.").

A district court's "review of the attorney's performance is 'highly deferential' and reflects 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Koons v. United States*, 639 F.3d 348, 351 (7th Cir. 2011) (citation omitted); *Cooper v. United States*, 378 F.3d 638, 641 (7th Cir. 2004) ("Defense counsel is strongly presumed to have rendered adequate assistance and to have made significant decisions in the exercise of his or her reasonable professional judgment.").

## ANALYSIS

*Beuke's Performance Did Not Render Ineffective Counsel*

Petitioner first argues that Beuke rendered ineffective assistance of counsel when he failed to advise Petitioner "that the only thing relevant to proffering for safety valve purposes was bieng [sic] truthful about the offense at hand." (Pet'r's Mem. at 5.)

3

Under the Federal Sentencing Guidelines, a defendant may be sentenced without regard to a statutory minimum sentence, provided the defendant meets the criteria set out in 18 U.S.C. § 3553(f): (1) defendant does not have more than one criminal history point; (2) defendant did not use violence, threat of violence, or a dangerous weapon in connection with the offense; (3) the offense did not result in serious bodily injury or death to any person; (4) defendant was not an organizer, leader, or supervisor of others in the offense and was not engaged in a continuing criminal enterprise; and (5) prior to or at sentencing, the defendant truthfully provided to the Government all information and evidence the defendant had concerning the offense(s) that were part of the same course of conduct or of a common scheme or plan. U.S. Sentencing Guideline § 5C1.2(a); 18 U.S.C. § 3553(f). Meeting the five criteria enumerated above results in a two-level decrease in the defendant's offense level, or a so-called "safety valve" reduction. U.S. Sentencing Guideline § 2D1.1(b)(16).

Petitioner asserts Beuke did not "fully explain to [Petitioner] that he did not have to render cooperation in regards to others in order for him to receive the benefits of the safety valve." (Pet'r's Mem. at 2.) However, Petitioner cannot demonstrate that Beuke's performance, even if it was found to be deficient, prejudiced him.

Beuke acknowledged to the Government that, during the course of his representation of Petitioner, he received proposed plea agreements that (mistakenly) calculated Petitioner's criminal history at three points. (Gov't's Resp. at 12.) Relying on that, Beuke reasonably believed that Petitioner did not qualify for the safety valve and represented to the Court that he did not believe Petitioner was eligible. Thereafter, Beuke discovered that Petitioner had zero criminal history points and was able to discuss the issue of the safety valve with Petitioner. (*Id.*) Beuke explained to the Government that he had met with Petitioner and distinguished between

4

cooperating with the Government and meeting with the Government for a safety valve proffer. (Gov't's Resp. at 19.) Beuke withdrew his representation of Petitioner prior to his sentencing.[2]

Based on Beuke's representation of Petitioner up until his withdrawal of representation, Petitioner submits no facts that demonstrate Beuke's performance was in any way deficient. *See Koons*, 639 F.3d at 351. In his reply brief, Petitioner notes that Beuke did not submit a sworn affidavit in support of the Government's response, attesting to his representation of Petitioner. However, Petitioner does not present any legal authority requiring a sworn affidavit to explain counsel's conduct. Moreover, "[i]n assessing the performance of counsel, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Rodriguez v. United States*, 286 F.3d 972, 986 (7th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Here, Petitioner fails to demonstrate that Beuke's representation was "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690.

Further, even if the contents of Beuke's interview with the Government is not considered and Beuke's performance was somehow deficient, Petitioner does not demonstrate he was prejudiced by Beuke's performance. Petitioner cannot show that "there is a reasonable probability that the outcome [of his sentencing] would have been different." *Bonds v. United States*, 441 Fed. App'x 386, 389 (7th Cir. 2011). Beuke withdrew his representation of Petitioner prior to Petitioner's being sentenced. Even if Beuke actually did fail to appropriately apprise Petitioner of the consequences of giving a safety valve proffer, Petitioner was appointed new counsel to represent him months before Petitioner was sentenced. This new counsel,

---

[2] Beuke withdrew his representation upon determining that Beuke had a previous attorney-client relationship with an individual who was Petitioner's co-defendant. (Gov't's Resp. at 7.)

Amdur, had sufficient time to advise Petitioner about the impact of giving a safety valve proffer. Therefore, Petitioner cannot demonstrate that the result of his sentencing would have been different but for Beuke's performance.

Accordingly, Petitioner's claim for *habeas corpus* relief on the basis of ineffective assistance of counsel rendered by Beuke fails.

*Amdur's Performance Did Not Render Ineffective Counsel*

Amdur was appointed to represent Petitioner following the withdrawal of Beuke. Petitioner asserts that Amdur provided Petitioner with ineffective assistance of counsel by failing to "advocat[e] for the safety valve." (Pet'r's Mem. at 5.) However, Petitioner has failed to demonstrate how Amdur's performance fell beyond the wide range of professionally competent legal assistance. *Strickland*, 466 U.S. at 690. In a detailed affidavit Amdur provided for the Government in support of its Response, Amdur represents that she met with Petitioner on at least eight occasions. (Gov't's Resp. Ex. E at 2.) Petitioner has not objected to the consideration of the contents of Amdur's affidavit.

During these meetings, Amdur and Petitioner spoke at length about whether or not Petitioner should provide a safety valve proffer to the Government. (*Id.*) Amdur explained to Petitioner that if Petitioner were found to be untruthful at such a proffer, he would not be eligible for the safety valve. (*Id.* at 3.) Amdur believed Petitioner was less than truthful when he said that the only time he had been involved in drug dealing was on the day he was caught, which led to his arrest and indictment. (*Id.* at 4.) With Amdur's understanding of Petitioner's past experiences involving the drug trade, coupled with what Petitioner planned to tell the Government, it was appropriate for Amdur to advise against a safety-valve proffer. Petitioner might have risked the reduction in his sentence he could receive (and did) for his acceptance of

responsibility had he done the safety valve proffer and was found to not be credible. Even if he had proffered truthfully, the information he provided could have increased his offense level, if he had provided information that he was responsible for a greater amount of cocaine.

Amdur's affidavit concludes with the following averment:

> For all of these reasons, I believed that Price would not be believed by the government if he told his story that he was only involved in the December 2, 2008 incident and had no further information. I explained this to Price, and advised against his giving a safety valve proffer. I provided this advice at a number of meetings. If, however, a defendant chooses to meet with the government and proffer, even after I have advised against the action, I will follow the defendant's wishes and set up a meeting with the government. Contrary to Price's filing, on the eve of sentencing, when I told him I would take him to meet with the government if that was what he wanted to do, Price told me that he did not want to go over to their offices and talk to them. Thus, in the end, it was Price's decision not to meet with the government, and I never set up a meeting with the prosecutor for Mr. Price to provide a safety valve proffer.

(Gov't Resp. Ex. E at 5.) The potential risks of Petitioner's giving a safety valve proffer did not outweigh the potential benefits. Moreover, Petitioner himself made the decision not to meet with the Government for a safety valve proffer. *See United States v. Wilks*, 46 F.3d 640, 644 (7th Cir. 1995) ("We have consistently held that a reasonable tactical move which the defendant himself has condoned cannot be the basis of a Sixth Amendment ineffective assistance claim.").

In Petitioner's reply brief, Petitioner contends Amdur "failed to do an independent investigation into the facts, or request proffer statements of [other] individuals" who may have provided incriminating evidence against Petitioner, including his co-defendant. (Pet'r's Reply at 3.) However, as Amdur explained in her affidavit, she was aware that Petitioner was likely to be questioned about his relationship with his co-defendant and other individuals with incriminating information and felt Petitioner's assertion that "he had no information about others and only involved himself in [his co-defendant's] narcotics trafficking on one occasion would not be believed by the case agents and/or the prosecutor." This rebuts Petitioner's contention that

Amdur failed to adequately research the facts of his case. Petitioner can allege no facts that demonstrate Amdur's performance as his attorney was deficient or ineffective. As Petitioner fails to demonstrate he can meet one of the *Strickland* prongs, the other need not be considered. *See Strickland*, 466 U.S. at 697. Thus, Petitioner's claim of Amdur's ineffective assistance of counsel also fails.

*Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rules of Appellate Procedure 22. Seventh Circuit Rule 22(b) states: "In a *habeas corpus* proceeding in which detention complained of arises from process issued by a state court, or in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a district court judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."

To obtain a certificate of appealability under § 2253, a petitioner must demonstrate the denial of a constitutional right. This requires the petitioner to show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where the district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Id.* at 484. As discussed above, Petitioner has not demonstrated that

either attorneys who represented him behaved unreasonably, and Petitioner did not show a possibility of prejudice under the *Strickland* test.

Because Petitioner failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue.

## CONCLUSION

For the foregoing reasons, Petitioner Larone D. Price's Petition for relief pursuant to 28 U.S.C. § 2255 is denied. A certificate of appealability shall not issue.

Date:  June 26, 2013

JOHN W. DARRAH
United States District Court Judge